FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Mar 28, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALENTE M.,[1] | No. 2:21-cv-00015-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | ECF Nos. 15, 16 |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment.  ECF Nos. 15, 16.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 15, and grants Defendant's motion, ECF No. 16.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

ORDER - 2

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.920(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous

ORDER - 3

work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 14, 2018, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of February 17, 2017.  Tr. 16, 84-85, 227-40.  The applications were denied initially and on reconsideration.  Tr. 133-36, 138-43.

ORDER - 6

Plaintiff appeared before an administrative law judge (ALJ) on July 1, 2020.  Tr. 43-83.  On August 5, 2020, the ALJ denied Plaintiff's claim.  Tr. 13-42.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2022, has not engaged in substantial gainful activity since February 17, 2017.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments: lumbosacral degenerative disc disease/spondylosis, and chronic pain syndrome. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19.  The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [S]tanding and/or walking must be limited to no more than four hours total in an eight hour workday.  Sitting must be limited to six hours total in an eight-hour workday [and] the option to sit and/or stand at will must be allow[ed] while remaining at the workstation and on task. In addition, climbing, stooping, kneeling, crouching, and crawling must be limited to occasionally.  Finally, within the assigned work area, there must be less than occasional concentrated exposure to vibrations and hazards, such as heights and moving machinery with moving parts.

Tr. 20.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work.  Tr. 33.  At step five, the ALJ found that, considering Plaintiff's

ORDER - 7

age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as table worker, wafer breaker, and taper, printed circuit layout.  Tr. 35.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of February 17, 2017, through the date of the decision.  *Id.*

On November 25, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ conducted a proper step-two analysis; and

3.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 15 at 2.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinion of Douglas Harris, MSPT. ECF No. 15 at 9-16. Plaintiff also discusses other opinions, including opinions of independent medical examiners, but stated he agrees with the ALJ's analysis of the independent medical examiners' opinions. ECF No. 15 at 9. Plaintiff also discusses Dr. Latimer's opinions but does not challenge the ALJ's analysis of Dr. Latimer's opinions. ECF No. 15 at 13-14. As Plaintiff discussed the other opinions without any meaningful challenge to the ALJ's analysis of the opinions, any challenge to those findings is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no

ORDER - 9

longer "give any specific evidentiary weight…to any medical

opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-

68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider

and evaluate the persuasiveness of all medical opinions or prior administrative

medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b),

416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical

opinions and prior administrative medical findings include supportability,

consistency, relationship with the claimant (including length of the treatment,

frequency of examinations, purpose of the treatment, extent of the treatment, and

the existence of an examination), specialization, and "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding"

(including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-

(5), 416.920c(c)(1)-(5).

　　　　Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to

support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Defendant argues the prior Ninth Circuit case law is no longer controlling in light of the amended regulations, and thus the heightened rationale requiring "clear and convincing" and "specific and legitimate" reasons to reject examining and treating opinions no longer applies.  ECF No. 16 at 2-4.  Plaintiff does not address the new regulations and does not make any argument regarding whether the former case law still applies.  ECF No. 14 at 9-16.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the

ORDER - 11

adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)). "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'" *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

There is not a consensus among the district courts as to whether the "clear and convincing" and "specific and legitimate" standards continue to apply. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (applying the specific and legitimate standard under the new regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal. Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

ORDER - 12

2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new regulations displace the treating physician rule and the new regulations control); *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D. Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and legitimate nor clear and convincing standard). This Court has held that an ALJ did not err in applying the new regulations over Ninth Circuit precedent, because the result did not contravene the Administrative Procedure Act's requirement that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash. Sept. 7, 2021). Nevertheless, it is not clear that the Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

On February 23, 2018, Mr. Harris examined Plaintiff and rendered an opinion on Plaintiff's functioning. Tr. 1167-69. Mr. Harris opined Plaintiff is limited to a sedentary physical demand level; he can sit for one hour at a time for seven hours per day; stand for .15 hours at a time for a total of four hours per day; walk for .15 hours at a time for a total of four hours per day; alternate sit/stand/walk for eight hours at a time; alternate stand/walk for one hour at a time

ORDER - 13

for a total of six hours in a day; he is unable to perform his past work; he is limited

to never working on ladders, climbing ladders, kneeling, or crawling; seldom

bending/stooping and partial squatting; occasionally climbing ladders, twisting his

neck and his trunk; frequently climbing stairs, reaching forward and waist to

shoulder, working above shoulders, wrist flexion/extension, forceful grasping,

handle/grasp, and operate foot controls; constantly keyboarding and engaging in

fine manipulation; he can lift zero pounds from floor to waist, a maximum of 15

pounds waist to shoulder, a maximum of five pounds shoulder to overhead, and he

can carry, push and pull a maximum of five pounds.  *Id*.  The ALJ found Mr.

Harris' opinion was partially persuasive.  Tr. 28.

First, the ALJ found Mr. Harris' opinion regarding Plaintiff's limitations in

walking, sitting, and standing was inconsistent with the objective medical

evidence.  Tr. 29.  Consistency is one of the most important factors an ALJ must

consider when determining how persuasive a medical opinion is.  20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2).  The more consistent an opinion is with the

evidence from other sources, the more persuasive the opinion is.  20 C.F.R. §§

404.1520c(c)(2), 416.920c(c)(2).

The ALJ found the later submitted medical evidence did not support the

limitations set forth by Mr. Harris.  Tr. 29.  As Plaintiff points out, the ALJ noted

Dr. Latimer repeatedly observed Plaintiff could stand/walk for at least 30 minutes

ORDER - 14

before needing to rest.  *Id.*  However, only one of the cited records states Plaintiff could walk for 30 minutes before needing to rest for 30 minutes.  Tr. 1417.  The remainder of the cited notes do not state Plaintiff could stand/walk for at least 30 minutes before needing to rest.  Dr. Latimer stated Plaintiff could not walk or stand more than 20 minutes without a 10-minute break in any 30-minute cycle.  Tr. 651, 685 (duplicate), 716 (duplicate), 1397 (duplicate).  Dr. Latimer opined Plaintiff needed vocational re-education for a sedentary job or to be put on pension, he noted Plaintiff could not find work and was unable to work due to his pain and limitations, and stated the case needed to be re-evaluated.  Tr.  1154, 1409-10 (duplicate), 1411.  Dr. Latimer also opined Plaintiff can walk for 30 minutes before his symptoms stop him from being mobile and require he sit down until he recovers.  Tr. 1162.  Dr. Latimer also stated Plaintiff can walk for no more than 30 minutes before he is immobile for one to two hours, and Plaintiff has been unable to work.  Tr. 1413.

Despite the ALJ's inaccurate description of Dr. Latimer's notes, the ALJ's summary of the objective evidence as a whole contains evidence that is inconsistent with Mr. Harris' opinion.  While Mr. Harris opined Plaintiff can stand for .15 hours at a time for a total of four hours per day and walk for .15 hours for a total of four hours per day, Dr. Latimer opined Plaintiff is capable of walking for 20 to 30 minutes at a time, Tr. 651, 1417.  Dr. Veyvoda noted that MRIs

ORDER - 15

documented mild findings and no obvious acute pathology, and opined he saw no

reason Plaintiff could not try to return to work.  Tr. 24, 536.  Dr. Zoltani and Dr.

Pace conducted examinations in March 2018 and noted Plaintiff's symptoms were

not supported by the examination nor imaging, and Plaintiff was capable of

returning to work.  Tr. 24-25, 857.  In June 2018, Dr. Fowler noted Plaintiff's

lumbar radiculopathy was resolving.  Tr. 25 (citing Tr. 794).  In September 2019,

Dr. Weinstein examined Plaintiff and opined Plaintiff's subjective complaints were

not supported by the physical examination, and found Plaintiff had no restrictions

that prevented him from returning to work.  Tr. 25 (citing Tr. 1230-31).  In October

2019, Dr. Jukich and Dr. Rudd examined Plaintiff, and opined there was no

objective abnormality on examination, and Plaintiff was capable of performing all

activities of his past work.  Tr. 26 (citing Tr. 1312).  On this record, the ALJ

reasonably found Dr. Harris' opinion was inconsistent with the objective medical

evidence.

Second, the ALJ found Mr. Harris' opinion was inconsistent with the

opinions of Dr. Fitterer and Dr. Wolfe.  Tr. 29.  Consistency and supportability are

the two most important factors when considering the persuasiveness of medical

opinions.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Dr. Fitterer and Dr.

Wolfe opined Plaintiff was capable of standing and walking for up to four hours

with the option to sit/stand at will.  Tr. 29.  The ALJ found Dr. Fitterer and Dr.

ORDER - 16

Wolfe's opinions were persuasive.  Tr. 32.  The ALJ noted Dr. Fitterer and Dr. Wolfe understand the Social Security Disability program's policies and evidentiary requirements, and they reviewed all of the evidence that existed prior to rendering their opinions.  *Id.*  Familiarity with the Social Security program and with the other evidence in the record are relevant considerations when analyzing an opinion.  20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).  The ALJ reasonably found Mr. Harris' opinion was less persuasive because it was inconsistent with the opinions of Dr. Fitterer and Dr. Wolfe.

Plaintiff argues there was no evidence of improvement between the date of Mr. Harris' examination/opinion and the opinions rendered by Dr. Fitterer and Dr. Wolfe, and thus the ALJ erred in rejecting Mr. Harris' opinion due to its inconsistency with the State agency opinions.  ECF No. 15 at 15-16.  However, Plaintiff cites entirely to Dr. Latimer's notes, while the ALJ supported her analysis with evidence from multiple sources that documented improvement, as discussed *supra.*  The ALJ's finding that the later evidence is consistent with Dr. Fitterer and Dr. Wolfe's opinions is supported by substantial evidence.  Plaintiff is not entitled to remand on these grounds.

**B. Step Two**

Plaintiff argues the ALJ erred in failing to find his mental health conditions were severe impairments.  ECF No. 15 at 16-17.  At step two of the sequential

process, the ALJ must determine whether the claimant suffers from a "severe"

impairment, i.e., one that significantly limits his physical or mental ability to do

basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  When a claimant

alleges a severe mental impairment, the ALJ must follow a two-step "special

technique" at steps two and three.  20 C.F.R. §§ 404.1520a, 416.920a.  First, the

ALJ must evaluate the claimant's "pertinent symptoms, signs, and laboratory

findings to determine whether [he or she has] a medically determinable

impairment."  20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).  Second, the ALJ

must assess and rate the "degree of functional limitation resulting from [the

claimant's] impairments" in four broad areas of functioning: understand,

remember, or apply information; interact with others; concentrate, persist, or

maintain pace; and adapt or manage oneself.  20 C.F.R. §§ 404.1520a(b)(2)-(c)(4),

416.920a(b)(2)-(c)(4).  Functional limitation is measured as "none, mild, moderate,

marked, and extreme."  20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).  If

limitation is found to be "none" or "mild," the impairment is generally considered

to not be severe.  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  If the impairment

is severe, the ALJ proceeds to determine whether the impairment meets or is

equivalent in severity to a listed mental disorder.  20 C.F.R. §§ 404.1520a(d)(2)-

(3), 416.920a(d)(2)-(3).

ORDER - 18

The ALJ found Plaintiff had not been diagnosed with a mental condition, and that symptoms alone do not establish a medically determinable impairment. Tr. 19. Plaintiff argues he has been diagnosed with depression, and the ALJ erred in failing to find the impairment is a severe impairment and incorporating limitations into the RFC to account for the impairment. ECF No. 15 at 16-17. Plaintiff reported feeling depressed in 2018, Tr. 909, and was diagnosed with PTSD and moderate recurrent depression. Tr. 882-83, 888, 906-07. While the ALJ erroneously found Plaintiff had not been diagnosed with a mental impairment, and the ALJ did not assess Plaintiff's functioning in the four broad areas of functioning, Plaintiff has not met his burden in demonstrating the error was harmful. Plaintiff's argument that his mental impairments cause limitations is based entirely on Plaintiff's self-report. ECF No. 15 at 5-6, 16-17. However, Plaintiff did not challenge the ALJ's rejection of his symptom claims, thus any argument is waived. *See Carmickle*, 533 F.3d at 1161 n.2. Further, Plaintiff only argues his impairment affects him in a "material way" but does not set forth any argument as to which of the four areas of functioning he has more than mild limitations in. ECF No. 15 at 17.

The objective evidence demonstrates that Plaintiff generally had normal behavior, mood, affect, orientation, memory, judgment, insight, intelligence, perception, speech, and thoughts, though he occasionally was observed as sad and

ORDER - 19

disheveled, and cried when discussing traumatic events.  Tr. 885, 887-88, 890, 893, 895, 898, 903, 906, 909.  There are no medical opinions in the record that include limitations related to Plaintiff's mental impairments.  Plaintiff also did not allege disability due to his mental impairments and did not testify that he had any specific limitations due to his mental impairments.  Tr. 62, 299.  Plaintiff has not met his burden in demonstrating the ALJ harmfully erred at step two.  Plaintiff is not entitled to remand on these grounds.

**C. Step Five**

Plaintiff argues the ALJ erred at step five by posing an incomplete hypothetical to the vocational expert.  ECF No. 15 at 17-18.  At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.

ORDER - 20

The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). As discussed above, the ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Therefore, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A claimant fails to establish that a step five determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the

1  record demonstrates the evidence was properly rejected.  *Stubbs-Danielson v.*

2  *Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

3       Plaintiff argues the ALJ failed to include limitations in the RFC to account

4  for Plaintiff being absent two days per month and being off-task 15 percent of the

5  time.  ECF No. 15 at 17-18.  However, Plaintiff does not cite to any medical

6  opinions nor objective evidence to support his argument, but only states it is "not

7  unreasonable" to expect Plaintiff would have such limitations.  *Id.*  Plaintiff has not

8  demonstrated that there is substantial evidence to support a finding that he would

9  be absent two days per month nor that he would be off-task 15 percent of the time.

10  As such, the ALJ did not error in failing to account for such limitations in the RFC.

11  Plaintiff is not entitled to remand on these grounds.

**CONCLUSION**

13       Having reviewed the record and the ALJ's findings, the Court concludes the

14  ALJ's decision is supported by substantial evidence and free of harmful legal error.

15  Accordingly, **IT IS HEREBY ORDERED**:

16       1. The District Court Executive is directed to substitute Kilolo Kijakazi as

17  Defendant and update the docket sheet.

18       2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

19       3. Defendant's Motion for Summary Judgment, **ECF No. 16**, is

20  **GRANTED**.

ORDER - 22

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 28, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 23